M. VIDAL ALVAREZ & Co., Plaintiff and Appellant, v. José RIVERA ET UX., Defendants and Appellees.

No. 5190. Argued November 14, 1930.—Decided November 21, 1930.

*López de Tord & Zayas Pizarro* for appellant.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

The commercial firm of M. Vidal Alvarez & Co., of Ponce, began a suit on May 11, 1929, against José Rivera, a merchant of Jayuya, and his wife Ulpiana Rivera, to recover the sum of $9,131.88, and to secure the effectiveness of the judgment it attached some property belonging to the defendants. It then applied for the public sale of a part of the attached property as perishable, which was decreed by the court, and a public auction held by the marshal on September 21, 1929, brought in the sum of $770, which was deposited with the clerk of the district court.

On September 20, 1929, judgment by default was entered against the defendants, who were adjudged to pay to the plaintiff the sum of $9,131.88 claimed, together with interest thereon and costs.

Upon the judgment becoming final, a motion was filed on November 12, 1929, for its execution upon the unsold attached property and for the delivery of the proceeds of the property previously sold. The court made the following order:

"Upon reading the motion the court grants the same as regards the issuance by the clerk of a check in favor of the plaintiff herein for the amount of the net proceeds of the public sale held in the present case deposited in the office of the clerk of this district court, from which sum or net proceeds there shall be deducted the sum of $130.19 due to The People of Puerto Rico for unpaid taxes·owed by the de-

fendants, which sum was attached by the Collector of Internal Revenue at Jayuya, P. R., as taxpayers are answerable with all their property, whether real or personal, for the payment of all taxes assessed to them, which constitute a lien on the property, whoever may be the possessor thereof, and are preferred credits with regard to the personal and real property of the debtor not specially subject to other preferred liabilities, such as those established by section 1923 and subdivision 1 of section 1824 of the Revised Civil Code, which enjoy absolute preference over all other creditors. Estate of Romero v. Willoughby, 10 P.R.R. 69, 76.

"THEREFORE: The clerk of this court is directed to withhold from the amount deposited in his office the sum of $130.19, which he shall forward to the Collector of Internal Revenue at Jayuya, P. R., for the payment of the taxes due; and the clerk is further ordered to issue the writ of execution sought, directed to the marshal of the District Court of Arecibo, P. R., for the execution of this judgment upon the remainder of the property attached in the present case, which property shall be sold at public auction to the highest bidder, all in accordance with the law."

Thereupon the plaintiff appealed to this court and assigned in his brief two errors, as follows:

"1. The District Court of Ponce erred in directing that out of the proceeds of the sale at public auction of the property attached by the plaintiff herein and deposited in the office of the clerk of the court the sum of $130.19 should be paid over to The People of Puerto Rico, or to the Collector of Internal Revenue at Jayuya, without serving prior notice on the plaintiff herein or affording him an opportunity to contest such action or show his preferred right, and without it appearing that the said taxes had been assessed on the property sold at public auction and from which the said deposit was derived.

"2. The District Court of Ponce erred in establishing a preference in favor of The People of Puerto Rico for the collection of taxes on personal property, as such property had been sold to a third party in good faith and any right or preference in favor of The People of Puerto Rico had become extinguished; and it likewise erred in applying to the present case the doctrine laid down by the Supreme Court of Puerto Rico in Estate of Romero v. Willoughby, 10 P.R.R. 69."

Notice of the appeal was served on the defendants in the main action, on the Governor, on the Attorney General, and

on the Treasurer of Puerto Rico. None of them has taken any steps in connection with this appeal.

All that the record shows relating to the collection of the tax is a letter from the Collector of Internal Revenue at Jayuya, addressed to the clerk of the court, which reads as follows:

"Government of Puerto Rico. Department of Finance. Office of Internal Revenue. Jayuya, Puerto Rico, September 24, 1929. To the Clerk of the District Court. Sir: I have just been advised by the Marshal of the District Court of Arecibo, that he has sent to you the proceeds of the public sale of property attached as belonging to José-Rivera Aponte of this town, held on the 21st instant. I beg to inform you that Rivera Aponte owes taxes to The People of Puerto Rico to the amount of $130.19, which I trust you will withhold from the said proceeds before delivering the same to the interested parties. Respectfully yours, (signed) (Illegible signature). Collector of Internal Revenue."

We are unable to understand how, on such a basis alone, the lower court could order the retention of the $130.19 in question. The court stated in its order, "which sum was attached by the Collector of Internal Revenue at Jayuya." The record does not justify such a conclusion.

A letter from a collector addressed to the clerk of the court is not the proper procedure to intervene in an action and secure such an order as the one which gave rise to present appeal. If The People of Puerto Rico was entitled to any preference, it should have filed its claim in accordance with the law.

The error of procedure committed is so clear, that the order appealed from has no basis on which to stand. The court did not have before it any valid motion submitted by The People and, therefore, it was not justified in making the order. The moment had not yet arrived for considering and deciding whether or not The People had any right superior to that of the plaintiff with regard to the proceeds of the sale of the property attached by said plaintiff, in accordance

with the law and the jurisprudence established in *Estate of Romero* v. *Willoughby,* 10 P.R.R. 69, 76, where, speaking through Mr. Chief Justice Quiñones, this court said:

"There is no doubt, therefore, nor does anyone maintain the contrary in these proceedings, that according to section 315 of the Political Code and the other legal provisions cited, the tax assessed against the real property of a taxpayer constitutes a real charge, or lien on such property, whoever may be the possessor thereof; but the same cannot be maintained with respect to the tax assessed against the personal property of the taxpayer. With regard to such tax on personal property, neither section 315 of the Political Code, nor any other section of said Code, gives it the character of a charge or lien on the real property of the taxpayer to the extent of permitting collectors of revenues to proceed against it after such real property shall have passed from the possession of the debtor to the ownership of a third person; and this being so, it is evident that revenue agents cannot attach such real property to enforce a liability which the law does not impose thereon, upon the universally acknowledged principle of law that property is considered free until it shall appear that it has been encumbered by the law or by some other legal title.

"The position of the Treasury of Puerto Rico, with respect to the tax assessed against the personal property of the taxpayer, becomes the same as that of a personal creditor only, without any mortgage or lien whatsoever on the real property of the debtor, permitting it to proceed against it, after it has left his possession, for the recovery upon such property of the credit referred to, although it does have the prior right granted it by section 1825 of the new Civil Code, which agrees with article 1924 of the old Code, upon the personal and real property of the debtor not specially subject to other preferred liabilities, such as those established on certain real property and property rights of the debtor referred to in the first subdivision of section 1824 of said Code, and those comprised in the preceding section of the same Code, section 1823, on specified personal property of the debtor, which enjoy absolute preference over all other creditors."

The order appealed from must be reversed and another entered instead directing the delivery to the plaintiff of the entire sum deposited with the clerk, to wit, $770.

Mr. Justice Texidor took no part in the decision of this case.